PETERS v. CHICAGO BISCUIT CO. et al.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1914.)

No. 1984.

PATENTS (§ 328*)—NOVELTY—CARTON FOR BISCUITS.

The Peters patent, No. 621,974, for a carton for containing biscuit, crackers, and like articles, and the method of making the same, is void for lack of patentable novelty in view of the prior art.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Christian C. Kohlsaat, Judge.

Suit in equity by Frank M. Peters against the Chicago Biscuit Company and others. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 200 Fed. 774.

Charles K. Offield, of Chicago, Ill., for appellant.

Paul Bakewell, of St. Louis, Mo., and P. C. Dyrenforth, of Chicago, Ill., for appellees.

Cornelius W. Wickersham, of New York City, amicus curiæ.

Before BAKER and MACK, Circuit Judges, and ANDERSON, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ANDERSON, District Judge. This is a suit for the infringement of United States letters patent No. 621,974, granted to the appellant, Frank M. Peters, March 28, 1899, for an improvement in a carton for containing crackers, etc., with an inner lining, and the method of making the same. The defenses interposed are want of invention and noninfringement. The principal arguments in the brief and upon the hearing were addressed to the first defense, and it will not be necessary in the disposition of this appeal to consider the second.

Peters, in his specifications, says:

"This invention relates to an improved method of and means for packing biscuits, crackers, and other articles, and has for its object to provide an inexpensive package whereby bakery goods of this description may be kept fresh and in proper condition for consumption by effectually excluding moisture therefrom and whereby the goods will be firmly packed and held and thereby prevented from rattling and breaking in the package.

"Heretofore substantially air-tight and moisture-proof metallic cases or boxes have been employed for the purpose of preserving the freshness of biscuit or the like; but the use of these cases involves considerable expense, and they have only been employed in conjunction with the highest priced goods, their cost being too great to permit their use with less expensive goods. It has been customary heretofore to pack these less expensive goods in cartons or paper boxes, and in some cases these cartons or boxes have been provided with a lining of what is known as 'waxed' or 'paraffined' paper; but in such packages as heretofore constructed this lining has not been so disposed as to close the openings or folds of the box and has itself presented openings through which the moisture has had direct access to the contents of the package. By reason of these facts such comparatively inexpensive packages have failed to protect the goods from moisture, and they have quickly lost their freshness.

"It is the primary object of my invention to obviate these difficulties and to provide a package which at an expense practically no greater than that of the ordinary lined carton package will effectually protect the goods and preserve their freshness."

The claims of the patent, four in number, are as follows:

"1. The herein described method of packing biscuit, crackers, or the like, which consists in completely enveloping the same in an uncut or continuous lining or protective sheet and an outer sheet or blank of heavier but flexible material provided with marginal flaps, by superposing the lining or protective sheet upon the blank and then simultaneously folding both said sheet and said blank by the aid of a suitable former into the form of a box or carton, overlapping and tucking said flaps during said folding and thereby interfolding the marginal portions of the lining or protective sheet with the flaps of the blank, and securing the flaps to hold the package closed, substantially as described.

"2. The herein described box or carton for crackers, biscuit, or the like, comprising an internal lining composed of a sheet of protective paper completely enveloping the contents, and an outer sheet of heavier but flexible material having overlapping and interlocking flaps with which the marginal portions of the lining-sheet are interfolded, substantially as described.

"3. The herein described box or carton for biscuit, crackers, or the like, comprising an internal protective lining composed of a single continuous or unbroken sheet of material such as waxed paper and an external covering of heavier but flexible material suitably cut and scored to provide overlapping and tucking flaps, said sheets being adapted to be simultaneously folded while one is superposed upon the other and said flaps being overlapped and tucked, and the marginal portions of the lining interfolded therewith and the package thereby secured without extraneous fastening means or perforating the lining, substantially as described.

"4. The herein described box or carton comprising an internal protective lining composed of a single continuous or unbroken sheet of material, such as waxed paper, and an external covering of heavier material suitably cut and scored to provide overlapping and tucking flaps, and said lining-sheet being of such dimensions as to provide a top fold adapted when folded to afford a triangular flap of greater length than the width of the box, and to be engaged by the top flap of the external covering and pass therewith into the space between the edges of the front of the covering and the lining-sheet, said flaps being overlapped and tucked and the marginal portions of the lining interfolded therewith and the package thereby secured without extraneous fastening means or perforating the lining, substantially as described."

As stated in the opinion of the court below:

"The patent covers the method of packing biscuit, etc., in a carton formed by imposing upon any of the well-known suitable forms for a folding box, including a top or cover, an uncut, flexible sheet of wax or paraffine paper, and then interfolding the form and uncut sheet together in the usual manner of folding cartons, so that the wax or paraffine paper will form a complete and unbroken lining to the carton, and the two become a unitary packing-box."

And as further stated in the opinion of the court below:

"It is not claimed that a package formed with a wax or paraffine paper lining is new, but it is insisted by complainant that the combination of such a lining with and adjusted to the forms or blanks prepared for use in constructing completely inclosed cartons in such a manner that the lining shall interfold with the slits, tongues, and flaps of the form, notwithstanding it be itself uncut, is new."

The patent in suit was before the Circuit Court of Appeals of the Eighth Circuit in 1903, in the case of Union Biscuit Company et al. v. Peters, and was by that court held invalid for lack of patentable novelty. The decision is reported in 125 Fed. 601, 60 C. C. A. 337. Much of the argument upon the hearing and in the briefs was addressed to the question as to how much weight this court should give to the decision of the Circuit Court of Appeals of the Eighth Circuit. It is insisted by the appellant that this court is not bound to follow the decision of that court, but that he is entitled to our independent judgment. To this we agree, and we have given the questions involved in this case our own investigation, and have come to our own conclusions independently of the decision mentioned.

The prior art is very fully set forth in the opinion in that case, but it is sufficient for the purposes of this case to refer to but two of the prior patents—the Smith patent, No. 257,522, issued May 9, 1882, and the Albert patent, No. 355,496, issued January 4, 1887.

The Smith patent discloses an outer blank, cut and scored; it also discloses a lining-sheet, consisting of a single unbroken piece of watertight material which is superimposed over the cut and scored outer wrapper of heavier material. The lining-sheet and the wrapper are then interfolded together, resulting in a receptacle illustrated in the figures of the patent. This patent of the prior art discloses the idea of providing an outer blank, suitably cut and scored, superposing thereon a waterproof lining sheet and interfolding these two elements together, so as to form a unitary structure. In the Smith patent the outer wrapper and the inner lining sheet do not completely envelop the contents, because in that case the patentee was only concerned

with providing a suitable box or bucket for carrying ice cream, or the like, without danger of leakage.

The Albert patent discloses a strawboard blank, suitably cut and scored, and a thin waterproof lining sheet of a size corresponding to the extreme dimensions of the cut and scored blank. This lining sheet is superimposed upon the cut and scored blank. The lining sheet is required to be equal, both in width and length, to the extreme dimensions of the blank. In the specifications, the Albert patent describes how, after the lining has been superimposed on the cut and scored blank, the lining is then folded and lapped in between the flap sections of the blank, thus being interfolded with the latter, as illustrated in that patent. The result is a box or basket forming a unitary structure, composed of the outer cut and scored blank and the superimposed lining sheet, the two being folded together, substantially as in the appellant's carton.

Peters is presumed to have known the prior art as developed by the Smith and Albert patents, and the disclosures of these two patents taught him just how to make the carton described in his claims and specifications. True, the Smith and Albert patents were designed to produce baskets or pails, but the forms of both boxes and pails were old, and it did not involve invention to add to the outer wrapper or to the inner lining, or both, sufficient material to make the covering and thus turn a pail into a box.

In addition to our own investigation of the questions in the case at bar, we have carefully considered the opinion in the case of Biscuit Co. v. Peters, supra, and are fully satisfied with the reasoning and conclusion there reached.

The decree of the court below should be affirmed; and it is so ordered.